## COMMONWEALTH *vs.* SAMUEL DOW & another.

ᴀ defendant, on being convicted of an offence, in the court of common pleas, at the March term thereof, alleged exceptions to the opinion of the court, and entered into a recognizance to enter and prosecute the same, not at the supreme judicial court "next to be held for the same county," as the law requires, and which was in April, but at the next November term of that court: The defendant not having entered his exceptions, either at the April or November term, the Attorney General filed a complaint, setting forth the facts, and prayed the court to order a capias to be issued and the defendant to be brought into court. *The court held* that they had jurisdiction of the cause, and ordered a capias to issue against the defendant. On his being brought in, his counsel declined to argue the exceptions, and the court awarded sentence against him on his conviction.

THE defendants were convicted, at the last March term of the court of common pleas, of the offence of resisting a deputy sheriff in the execution of the duties of his office ; and they alleged exceptions to the order of the court overruling a motion filed by them in arrest of judgment. They thereupon entered into a recognizance for their appearance at the present term of this court, and to enter and prosecute their exceptions with effect, &c. There was an intermediate term of this court in April last ; but the defendants did not appear and enter their exceptions, either at that term or at the present.

The Attorney General now consented that the defendants might enter the exceptions as of April term, and bring them forward for argument. The defendants' counsel declined so to do, and contended that there was a discontinuance of the whole case, because the Rev. Sts. *c.* 138, § 13, require that parties, who file exceptions in the court below, shall recognize to the Commonwealth for their appearance " at the supreme judicial court *next to be held* for the same county, and to enter and prosecute," &c. ; that the recognizance of the defendants was void, because the court below had no authority to order or to take it ; and that this court could in no way take cognizance of the cause.

The question, what should be done in the premises, was referred to the court.

*Austin,* (Attorney General,) for the Commonwealth.

*Lunt,* for the defendants.

28 *

SHAW, C. J.   It was no doubt through mistake and inadver tence, that when the exceptions of the defendants were allowed in the court of common pleas, the recognizance to enter and prosecute was taken to this, the law term of the court for this county, and not to the then *next term* of this court, to be held in this county, in April last.   But it is a very different question, whether the failure of the defendants in doing their duty, which was to enter the cause in this court at the proper term, is to dis charge them from all liability on a valid indictment, on which they have been convicted by the verdict of a jury, before a court of competent jurisdiction.   It is a question of great practical importance in the administration of criminal law.   The jurisdic tion of the several courts, and the course of proceeding, being frequently modified by statute, it becomes necessary to look back and examine the statutes from time to time, to see that we fall into no mistake.   Above all, it is necessary to understand pre cisely the relative powers and duties of this court, and those of the court of common pleas, who have, practically, nearly the entire administration of the criminal law.

The general object of the system of this branch of jurispru dence in the Commonwealth is, that all criminal proceedings shall commence in the common pleas ; that *that* court shall have the exclusive jurisdiction of all trials of fact, in cases not capital, without appeal, and that *this* court shall have a general superin tendence, and a revision of all matters of law.   For, although by Rev. Sts. *c.* 138, appeals were allowed in a considerable number of cases, yet they were taken away by *St.* 1839, *c.* 161, leaving to this court a power of revising, in all matters of law, as before.

The right of any person, aggrieved by any opinion, direction or judgment of the court of common pleas, in matter of law in a criminal case, to file exceptions, is given by Rev. Sts. *c.* 82, § 29, and *c.* 138, §§ 11, 13, and 14.   By the former it is pro vided, that any person, so aggrieved in matter of law, may allege exceptions thereto, in the manner provided by Rev. Sts. *c.* 138, and the case shall thereupon be removed to the supreme judicial court, and be there disposed of, as provided in the same chan-

ter. By the other, (c. 138, § 11,) it is provided, that after such exceptions are allowed and signed by the presiding justice of the common pleas, all further proceedings in the case, in that court, shall be stayed, unless, &c. Sect. 12 provides that questions of law may be voluntarily reserved by the judge. Sect. 13 enacts, that any person, who shall file exceptions, may recognize to the Commonwealth for his personal appearance at the supreme judicial court next to be held for the same county, and to enter and prosecute his exceptions with effect, and to abide the sentence thereon. Sect. 14 provides that if the person shall not so recognize, he shall be committed to prison to await the decision; that the clerk shall file a copy of the proceedings in the case, in the supreme judicial court, who shall have cognizance thereof, and consider and decide the cause, and render such judgment and award such sentence, or make such order thereon, as law and justice shall require ; and a new trial may be ordered at the bar of the supreme judicial court, or the cause may be remanded to the common pleas for a new trial there, as the justices of the supreme judicial court shall direct.

We have stated these provisions at some length, for the better understanding of the subject. Taking them together, it is very clear that the proceeding is designed for the benefit of the accused, and to enable him to have the benefit of the judgment of this court, when he may think the law is wrongly decided against him. It is further obvious, that when exceptions are allowed, no sentence or judgment is ordinarily passed ; because all further proceedings are to be stayed, unless it shall clearly appear to the presiding justice that they are frivolous, immaterial or intended for delay ; in which case, judgment may be entered and sentence awarded, notwithstanding the allowance of such exceptions. This is a clear implication, that in all other cases, when the exceptions are allowed, no judgment is to be entered, nor sentence awarded. From this view of the case, from the express provisions in the statute, that all further proceedings in the cause in the court of common pleas shall be stayed, and that full power is given to the supreme judicial court to render any judgment and pass any sentence, which the law may require, it

is manifest that the court of common pleas have no further juris-diction, whether any thing is done in this court or not, and can render no judgment. They can acquire no jurisdiction, except under an order passed by this court, remanding the cause to them for a new trial. On such an order, the case would be en-tered anew in the common pleas. *Commonwealth* v. *Peck*, 1 Met. 435.

We have then the case of a valid indictment for an aggravated offence, a regular conviction before a competent court, but no judgment rendered, and the cause lawfully removed, so that that court can render none. What shall be done in such case? Does it depend upon the will of the exceptant to bring forward and enter the case, and thus enable the Commonwealth to have judgment against him, or not, at his pleasure? Surely such could not have been the intent of the law. In that case, he might only forfeit his recognizance, or give a void one, as in the present case, to avoid punishment altogether. If he gives a re-cognizance, it is to be conditioned to enter the exceptions at the next term of the court. But he need give no recognizance. It is not the recognizance, which gives or limits the jurisdiction of this court, but it is the statute. The provision is, that upon allowing the exceptions, "the case shall thereupon be removed to the supreme judicial court, and be there disposed of." Rev. Sts. *c.* 82, § 29. So in *c.* 138, § 14, the supreme judicial court shall have cognizance thereof, and decide the cause, ren-der judgment, and award sentence. This authority is general, and limited to no term of the court. As the removal of the proceedings takes place for the benefit of the exceptant, the law, in order to facilitate the proceedings, very properly requires him, (if he be not committed,) to give security to bring forward the record and enter the case, and if he does so, to do it at the next term. This is the only case, in which the next term is mention ed ; it is a collateral obligation, incident to the jurisdiction of the court, but not essential to it.

The question then recurs ; if the exceptant does not enter the case, and bring forward the exceptions, how is judgment to be rendered ? It is not much contended, that if the recognizance

had been rightly taken for the next term of the court, and the exceptant had not seasonably entered the case, the public prosecutor might not enter it, and pray for judgment. But upon what ground could this be done ? There is no provision in the statute, authorizing the public prosecutor to enter it, if the exceptant does not ; but it results from the consideration that this court has full cognizance of the cause, which no other court has ; and because it is the right and duty of the public prosecutor, acting for the Commonwealth, to ask for judgment on such a conviction. But such cognizance of the cause is not limited to the next term of the supreme judicial court, either in terms, or by implication, or by any considerations arising out of the nature of the case. On the contrary, such a limitation of the power of the court to the first term would encourage trick and artifice, and tend to the perversion of justice. Laches is not imputable to the government, nor, in general, can its rights be lost by delay. The court are therefore of opinion, that it is competent for the public prosecutor, acting in behalf of the Commonwealth, at any reasonable time to bring forward the record, and on mo tion have the case entered ; and that this court has, thereupon, authority to render judgment and pass sentence, or take any other order in the case. A convenient mode of doing this, we think, would be for the Attorney General, or other public pros ecutor, to call the attention of the court to such a case, by a short complaint, or motion in writing.

If the question be, how, after having jurisdiction of the cause, we are to obtain jurisdiction of the persons, we think the answer is plain. By the Rev. Sts. *c.* 81, § 3, the justices of the supreme judicial court " shall have cognizance of all capital crimes, and of all other crimes, offences and misdemeanors, which shall be legally brought before them." By § 9, of the same chapter, they have power to issue all such writs and processes, as may be necessary and proper to carry into full effect all the powers, which are or may be given to them by the laws of the Commonwealth. Under this authority, when the record is before the court, and the party convict liable to judgment, it is competent for the court to issue a summons or warrant to bring in the

party. In the present case, a warrant is the proper process, returnable, forthwith, to this court.

After the above opinion was delivered, the Attorney General filed a complaint, setting forth the previous proceedings and the failure of the defendants to enter and prosecute their exceptions, and praying that a *capias* might issue against them. A *capias* was thereupon issued, and the defendants were brought into court. Their counsel declined to argue the exceptions; and there being no further motion in arrest of judgment, the defendants were severally sentenced.